JUSTINIANA CALDERÓN SANJURJO, Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent; VALERIO LÓPEZ CALDERÓN, Deceased Workman.

No. 342.    Argued February 19, 1945.—Decided March 23, 1945.

*Herminio A. Concepción* for petitioner. *A. de Jesús Matos, J. Correa Suárez*, and *A. Sandín del Manzano, Legal Advisers of the State Insurance Fund,* as *amici curiae. L. Apellániz Storer* for beneficiaries of the deceased workman.

Mr. Justice De Jesús delivered the opinion of the court.

At the death of the workman Valerio López the Manager of the State Insurance Fund carried out the corresponding investigation and reached the conclusion that the death had been the result of a labor accident; that Dolores Pacheco, wife of the workman, did not depend on him for her maintenance and that at the time of his death and during the last three years prior to his death, Justiniana Calderón "had honorably and publicly lived in concubinage with the workman as husband and wife, and a son had been born to them who depended on the workman for his support." Based on these facts the manager found that the concubine, her son, and two children which the workman had had by his marriage with Dolores Pacheco, were the persons entitled to compensation, which he distributed in the following manner: 40 per cent for the concubine and 20 per cent for each one of the three children.

When the wife learned about the compensation granted she appealed to the Industrial Commission. She did not notify her appeal to the concubine, but on the day set for the hearing of the appeal, the commission notified her and she appeared without the assistance of counsel and without witnesses. When she learned that there was a hearing to determine whether the wife was entitled to compensation for the death of the workman, the concubine informed the commissioner that she was not prepared for the hearing because ignoring such purpose, she did not bring her witnesses nor

was she assisted by counsel; that she was willing, if the commission deemed it necessary, to bring her witnesses and a lawyer to represent her. The commissioner persuaded her that the witnesses and the lawyer were unnecessary and told her that no matter what the decision might be, she would not be prejudiced because her right to compensation had already been granted, and the only question to be decided was whether or not the widow of the workman was also entitled to a share of the compensation. Having been persuaded by the statements of the commissioner, the concubine consented to take part in the hearing during which she admitted that the wife also depended for her support on the earnings of the workman. The commission decided that although Justiniana Calderón had "honorably" lived in concubinage with the workman for more than five years, depending on him for her support, the wife had also depended on the workman and, therefore, the latter excluded the concubine from her right to share in the compensation. Consequently, it found that the persons entitled to compensation were the widow, her two children, and the son of the concubine. The latter moved for a reconsideration which was denied, and thereupon she brought the present appeal.

We agree with the petitioner that the commission should have suspended the hearing in order to give her an opportunity to appear with her evidence and counsel since she claimed that right; but in view of the conclusion which we must reach in this case, we are of the opinion that no practical purpose, would be reserved but, that, on the contrary, the proceeding would be delayed to no avail with prejudice to all the parties, if we remand the case to the commission for a new hearing, inasmuch as the admission of the concubine to the effect that the wife depended on the husband, could not change the finding of the commission to the effect that both the wife and the concubine were dependents of the workman and, therefore, the substantial rights of the concubine would now be prejudiced. It is more in harmony with

the spirit of liberality and simplicity which should prevail in the proceedings before the commission, to decide now the question of law involved which has been fully discussed.

The evolutive history of the right of the concubine to share in the compensation granted by reason of the death of the workman with whom she lived in concubinage, affords the necessary light to decide the question raised.

Originally the Workmen's Compensation Act (Act No. 45, approved April 18, 1935, pp. 250, 264) did not recognize any right to the concubine to share the compensation. Subdivision 5 of § 3 provided in its pertinent part as follows:

"Should the workman or employee leave a widow, parents, legitimate or illegitimate children, posthumous children, whether or not natural or adoptive children, or grandchildren, any of whom were wholly or partly dependent for their support on the earnings of the deceased workman or employee at the time of his death, they shall receive a compensation. . . Said compensation shall be distributed among the aforesaid relatives according to the condition, needs and degree of relationship and dependence of each, as the Manager may decide in accordance with the facts.

"In default of the aforesaid persons, the foster father or mother, the foster children, or brothers and sisters under fifteen years of age, or those, whatever their age, judicially declared incapacitated by the proper court, who were wholly or partly dependent on the earnings of the deceased workman or employee shall receive a compensation . . . should the persons entitled to this compensation be several, it shall be distributed among them as the Manager may direct."

Act No. 52 of April 25, 1942 (Laws of 1942, pp. 502, 514), added a provision to subdivision 5 of § 3 which read thus:

"*Provided,* that for the purposes of compensation, the woman who, at the time of the death of the workman, and during the last three years prior to the death, has lived with the workman honorably as husband and wife, in a state of public concubinage, *both being single during the whole of the said period and with capacity to be married with or without dispensation,* shall be considered as his widow." (Italics ours.)

This provision granted to the concubine the right to share in the compensation only in those cases wherein she as well as the workman were unmarried during the entire 3 years preceding the death of the workman and were able to marry with or without dispensation. It is evident that this Act excluded the right of the concubine to participate in the compensation when the workman or the concubine was married, for in such case they were not able to marry. If the Act had remained as it was after that amendment, we would feel bound to deny compensation to the petitioner in this case; but the Legislature went further in the protection of the concubine, and by Act No. 162 of May 14, 1943 (Laws of 1943, pp. 524, 542), subdivision 5 of § 3 was amended so that the provision above-referred to now reads thus:

"*Provided*, that for the purposes of compensation, there shall be considered entitled to the corresponding share of the compensation the woman who, at the time of the death of the workman, and during the last three years prior to the death, has lived with the workman honorably as husband and wife, in a state of public concubinage."

This amendment eliminated the requirement of the previous Act by virtue of which the concubine shared in the compensation only when she and the workman were able to marry with or without dispensation. Therefore, according to the law in force whether or not any of them is married, the concubine is entitled to participate in the compensation. We reach this conclusion because of the fact that if it had been the Legislature's intention to deny the share to the concubine where there is a widow, it would have been futile to amend subdivision 5 of § 3 by virtue of the Act of 1943, inasmuch as the concubine under the Act of 1943, as construed by the commission, would have no more rights than she already had under the amendment of 1942.

For the foregoing reasons the decisions appealed from, rendered by the commission on November 16 and December

14, 1944, must be annulled, and the case remanded to the commission in order that it should render another decision not inconsistent with the terms of this opinion.